# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DARREN BINES,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:17cv462-MW/CAS**

**STATE OF FLORIDA, and**
**GREGORY J. CUMMINGS.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by filing a civil rights complaint, ECF No. 1, and an amended motion requesting leave to proceed in forma pauperis, ECF No. 5. Plaintiff's amended motion was granted, ECF No. 6, and based on Plaintiff's Trust Fund Account Statement from the Florida Department of Corrections, he was assessed an initial partial filing fee of $26.16 pursuant to § 1915(b). ECF No. 6. Plaintiff has paid that fee, ECF No. 7, and the complaint has now been reviewed.

Plaintiff's complaint is brought against two Defendants: the State of Florida State Attorney and Gregory J. Cummings, attorney at law. ECF No.

1 at 2-3.  It appears that Mr. Cummings was Plaintiff's criminal defense attorney and acted as "conflict counsel." *Id.* at 3.  The only facts alleged in the complaint are that Plaintiff's public defender filed repeated notices of discovery and repeatedly sought discovery, but the "State of Florida fail[ed] to comply." *Id.* at 5-6.  Plaintiff states that the discovery requests were made during 2008.  *Id.* at 5.  Due to the fact that he was never given "discovery to prepare for trial," Plaintiff was convicted and on April 8, 2010, was sentenced to life in prison plus 30 years.[1]  Plaintiff claims he was maliciously prosecuted, *id.* at 6, and that his Sixth and Fourteenth Amendment rights were violated.  As relief, Plaintiff requests a "new trial" or to be provided a "12 year plea for excusable homicide." *Id.* at 7.

Plaintiff's complaint against Mr. Cummings is insufficient as a matter of law.  Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and, thus, gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors.

---

[1] Judicial notice is taken that Plaintiff was convicted of first degree murder and aggravated child abuse.  <u>Bines v. Crews</u>, No. 4:13CV492-WS/CAS, 2014 WL 4373261, at *1 (N.D. Fla. Sept. 2, 2014).  Plaintiff's jury trial began on April 5, 2010, and "the jury found him guilty as charged on both counts." *Id.*  On April 8, 2010, Plaintiff was adjudicated guilty and sentenced "to life in prison on the first count, and 30 years in prison on the second count." *Id.*

Case No. 4:17cv462-MW/CAS

Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff's complaint does not allege any such conspiracy.

It is well established that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role). Accordingly, Plaintiff's complaint does not state a viable claim against Mr. Cummings.

In addition, a federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.

1988)); *see also* <u>Uboh v. Reno</u>, 141 F.3d 1000, 1002 (11th Cir. 1998); <u>Kelly v. Serna</u>, 87 F.3d 1235, 1238 (11th Cir. 1996).  Because Plaintiff's claims are based on events from 2008, those claims are barred by the statute of limitations and cannot proceed.

Moreover, Plaintiff's claim for malicious prosecution cannot succeed considering that Plaintiff is incarcerated within the Florida Department of Corrections.  To state a § 1983 claim for malicious prosecution, a plaintiff must allege the six elements of the state law common claim: (1) the commencement or continuation of an original civil or criminal proceeding; (2) the present defendant was the legal cause of that original proceeding; (3) the bona fide termination of the proceeding in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice on the part of the present defendant; and (6) damages to the plaintiff because of the proceeding.  <u>Kingland v. City of Miami</u>, 382 F.3d 1220 (11th Cir. 2004) (cited in <u>Blackshear v. City of Miami Beach</u>, 799 F.Supp.2d 1338, 1347 (S.D. Fla. 2011)).  A plaintiff's inability to satisfy any of the six elements defeats the action.  <u>Scozari v. Barone</u>, 546 So.2d 750, 751 (Fla. 2d DCA 1989).  Plaintiff cannot demonstrate that the proceeding

terminated in his favor because he acknowledges that he was convicted and he remains incarcerated.

Another reason this action must be dismissed is because Plaintiff's requested relief is to either order a new criminal trial or require a "12 year plea" deal. ECF No. 1 at 7. Taking either course of action requires overturning his current criminal conviction. That kind of relief is not available in a civil rights case.

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See* Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152

L.Ed.2d 12 (2002) (citing McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).  A prisoner may not seek to reduce a period of confinement through a civil rights action.  Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; Heck, 114 S. Ct. at 2372.  "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Accordingly, Plaintiff's requested relief cannot be provided in this civil rights case.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's civil rights complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the

Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2018.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv462-MW/CAS